IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAYNE THOMAS,

                Plaintiff,              OPINION AND ORDER

    v.

                                                  20-cv-400-wmc

UNITED STATES OF AMERICA,
OXFORD FEDERAL CORRECTIONAL INSTITUTIONS,
HEALTH SERVICE DEPARTMENT,
NURSE KATIE GALBRAITH, NURSE PENNY PERRY,
DNP PAULA BRADY, and
PHYSICIAN KWAME GYASI,

                Defendants.

---

*Pro se* plaintiff Wayne Thomas, an inmate at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), seeks leave to proceed against defendants in a civil action. Thomas additionally asks the court to hold this lawsuit in abeyance during the ongoing Covid-19 pandemic. Having reviewed Thomas's one-page complaint for purposes of screening under 28 U.S.C. § 1915(e)(2)(B), the court concludes that this lawsuit is subject to dismissal, but the court will give him an opportunity to amend his complaint to address the deficiencies described below.

OPINION

To commence this action, Thomas filed the first page of a complaint and a cover letter on April 29, 2020.[1] (Dkt. #1.) In the letter, Thomas explains that he is "filing a civil complaint against the United States government namely Oxford Federal Correctional

---

[1] On May 4, 2020, the Clerk of Court sent Thomas a letter noting that his complaint was incomplete and asking him to submit the complete complaint. (Dkt. #4.) Thomas has not responded.

Institutions Health Service providers in their official capacity" but because of the Covid-19 pandemic, he has been unable to access "library tools and equipment." (Dkt. #1-2.) As a result, Thomas would have his letter "start the complaint process" and asks that this matter be held in abeyance until the pandemic is over to avoid the consequences of an unspecified "statute of limitations." (Dkt. #1-2.)

The court understands Thomas to be attempting to preserve a claim against the United States under the Federal Tort Claims Act ("FTCA"). This statute makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee. 28 U.S.C. § 2674. Indeed, Thomas's complaint references statutory sections relevant to the FTCA, such as the court's jurisdiction over civil claims against the United States under 28 U.S.C. § 1346(b)(1) and the definition of "federal agency" under 28 U.S.C. § 2671. Moreover, Thomas names the only appropriate defendant in an FTCA claim: the United States. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008).

Because Thomas names defendants in addition to the United States, including two nurses and a doctor, the court further infers that Thomas may also be seeking leave to proceed on other claims. For example, *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1974), authorizes parties to sue individual federal actors directly under the Constitution in certain situations. *See Ziglar v. Abassi*, 137 S. Ct. 1843, 1857-58 (2017) (suggesting that the only valid contexts for constitutional claims against federal officers under *Bivens* are those previously recognized by the Court under the Fourth, Fifth and Eighth Amendments).

2

The problem for Thomas, however, is that neither his one-page complaint nor his cover letter specifies his claims or addresses his allegations against any defendant. Thomas has therefore clearly not complied with Federal Rule of Civil Procedure 8, which requires a "'short and plain statement of the claim' sufficient to notify the defendants of the *allegations* against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (emphasis added) (quoting Fed. R. Civ. Pro. 8(a)). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If Thomas wants to proceed on any claim in this lawsuit, he will need to file an amended complaint that provides the factual allegations underlying his belief that defendants violated his rights. Although Thomas asks that the court stay this matter in light of his limited access to the law library, and the court is sympathetic to the additional difficulties incarcerated litigants face during the ongoing Covid-19 pandemic, it will not hold this matter in abeyance indefinitely. For one, regardless of the legal basis for Thomas's lawsuit, Thomas does not explain which "law library tools and equipment" are necessary at this initial stage to provide his "short and plain statement" of what allegedly happened. *See* Fed. R. Civ. Pro. 8(a). Thomas presumably has personal knowledge of the circumstances surrounding the lawsuit and is therefore in the best position to detail what he did and what defendants allegedly did or did not do in response to the alleged events. Moreover, Thomas need not identify the applicable law or plead legal theories, *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017), and he benefits from a lenient

3

pleading standard for *pro se* plaintiffs under which the court will draw all reasonable inferences and resolve all ambiguities in his favor, *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To comply with this order, then, Thomas should draft an amended complaint as if he were telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist them in relation to those events. Thomas should set forth his allegations in separate, numbered paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes.

So long as Thomas submits an amended complaint in compliance with this order, the court will take that complaint under consideration for screening pursuant to 28 U.S.C. § 1915(e)(2)(b). If he does not, the court will dismiss this case without prejudice and without further warning, and Thomas will risk running afoul of any statute of limitations that may bar his claim or claims should he refile. *See Lee v. Cook Cty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011) (explaining that, generally, a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed). Thomas should also be aware that even if he is able to file an amended complaint that contains sufficient detail to comply with Rule 8 of the Federal Rules of Civil Procedure, he cannot maintain a claim against the United States under the FTCA unless he has presented an administrative claim to the appropriate federal agency and given the agency an opportunity to investigate

and act on that claim. 28 U.S.C. § 2675(a); *Glade ex rel. Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) (the "Tort Claims Act requires exhaustion of administrative remedies as a prerequisite to suit."). Finally, the court notes that Oxford Federal Correctional Institutions would not be a proper defendant under either *Bivens* or the FTCA and thus subject to dismissal should plaintiff attempt to proceed against that institution on either claim. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001) (explaining that *Bivens* recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights"); *Jackson*, 541 F.3d at 693 (noting that the United States is only proper defendant in an FTCA claim).

ORDER

IT IS ORDERED that plaintiff Wayne Thomas has until **July 14, 2020, to submit an amended complaint that meets the requirements of Rule 8. If plaintiff fails to respond by that deadline, then this case will be dismissed without prejudice for failure to state a claim upon which relief can be granted.**

Entered this 16th day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge